UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-12203-RWZ

In re: GAIL A. BALSER,
Debtor

FRANCES GUNNING and YVONNE GUNNING,
Plaintiffs-Appellees

v.

GAIL A. BALSER,
Defendant-Appellant

MEMORANDUM OF DECISION

October 15, 2012

ZOBEL, D.J.

Defendant-appellant Gail A. Balser ("Balser"), proceeding pro se,[1] appeals from

a determination of the United States Bankruptcy Court for the District of Massachusetts

that her state court judgment debt to plaintiff-appellees Frances and Yvonne Gunning

("the Gunnings") is exempt from discharge under 11 U.S.C. § 523(a)(2).  The

bankruptcy court granted the Gunnings' motion for partial summary judgment with

respect to nondischargeability and denied Balser's motion for reconsideration.  I affirm.

**I.  Background**

The extensive history and details of this case are fully set out in the parties'

briefs and the bankruptcy court record.  I recite only the undisputed facts pertinent to

---

[1] Balser is an attorney licensed to practice in Massachusetts and Rhode Island.

this appeal.

On May 18, 2007, Frances Gunning and her daughter Yvonne Gunning brought suit against Balser in Bristol County Superior Court in connection with their purchase of a condominium unit.  The Gunnings alleged that Balser, the seller, falsely represented to them that there were no issues of water damage in the unit's basement, when in fact she was well aware that the basement had previously experienced substantial water intrusion resulting in condensation and mold.  After a four-day bench trial on the merits, the superior court entered findings and judgment against Balser on breach of contract, violation of Mass. Gen. Laws ch. 93A, and fraud and misrepresentation, and awarded the Gunnings $45,000 in damages (doubled pursuant to ch. 93A), along with interest, attorney's fees, and costs.  Balser filed a notice of appeal, but failed to prosecute.  The appeal was later dismissed due to inexcusable neglect.

On July 1, 2010, Balser filed a Chapter 11 bankruptcy petition in the bankruptcy court.  The Gunnings initiated an adversary proceeding on September 23, 2010, seeking a declaration that the superior court judgment against Balser is non-dischargeable under 11 U.S.C. § 523(a)(2) because the debt was the result of fraud (Count I) and a denial of Balser's discharge pursuant to 11 U.S.C. § 727(a)(4)(A) (Count II).

The Gunnings moved for partial summary judgment with respect to Count I on July 22, 2011.  In response, Balser filed an Objection and Supporting Affidavit, which the Gunnings moved to strike because it was filled with inadmissible and false statements seeking to challenge facts already litigated in superior court.  After a

2

hearing on September 27, 2011, the bankruptcy court struck Balser's Objection and granted in part and denied in part the partial summary judgment motion. If determined that the state court judgment collaterally estopped Balser from relitigating each and every element necessary to prove a claim under 11 U.S.C. § 523(a)(2) except justifiable reliance. The bankruptcy court scheduled a trial for February 7, 2011, on the sole remaining issue of Count I, whether the Gunnings' reliance on Balser's false representations was justifiable for the purpose of 11 U.S.C. § 523(a)(2).

On October 3, 2011, the Gunnings filed a Motion to Reconsider the Ruling and Order on their Motion for Partial Summary Judgment, citing to specific findings in the superior court judgment that "Balser made false statements relating to the condition of the basement with an intention that the Gunnings rely thereon and the Gunnings did in fact rely upon such representation to their damage," and "Balser's actions were made to induce the Gunnings to purchase the premises and the Gunnings reasonably relied upon her representations in purchasing the same resulting in the harm which they have experienced." On October 24, 2011, in the absence of any objection or response from Balser after notice and an opportunity for a hearing, the bankruptcy court granted the Gunnings' motion for reconsideration and, "upon reconsideration," their motion for summary judgment on justifiable reliance and Count I.

On November 3, 2011, Balser filed a Motion to Vacate and/or Reconsider the bankruptcy court's order on the Gunnings' reconsideration motion. Balser stated that she was under the mistaken belief that it was not appropriate for her to file pleadings in response to the Gunnings' motion for reconsideration in light of the appointment of a

3

Chapter 11 Trustee in the main bankruptcy case.  She also requested the opportunity to employ counsel to respond and be heard on the Gunnings' motion for reconsideration, but did not address the merits of the Gunnings' motion.

The bankruptcy court found Balser's motion to be without merit.  The court noted that Balser, a practicing bankruptcy attorney, had represented herself at the hearing on the Gunnings' partial summary judgment motion weeks after the Chapter 11 Trustee was appointed and did not raise any issues with respect to her purported concern about the role of the Trustee at that time.  The court also found that its decision to grant partial summary judgment was amply supported by the record of proceedings in the state court and the principles of collateral estoppel.  Finding that "[u]nlike the [Gunnings'] whose Motion for Reconsideration was well-founded, [Balser] failed to support her Motion by any persuasive or sound argument," the bankruptcy court denied Balser's motion on November 22, 2011.

This appeal followed.

## II.  Scope and Jurisdiction

As a preliminary matter, the parties disagree about which decisions of the bankruptcy court are presented for review.  The Gunnings insist that Balser's appeal stems not from the bankruptcy court's rulings on partial summary judgment, but relates solely to that court's denial of Balser's motion to vacate or reconsider.  Balser's notice of appeal, however, lists both "the judgment, order, or decree of the bankruptcy judge entered on November 22, 2011 denying the Defendant's Motion to Vacate and Reconsider Plaintiffs' Motion for Reconsideration," and the "Entry of Summary

Judgment entered in this adversary proceeding on October 24, 2011," and her briefs focus almost entirely on the latter.  I construe the present appeal to be a challenge to both the bankruptcy court's denial of Balser's reconsideration motion and its underlying order granting partial summary judgment to the Gunnings.  See Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 3-4 (1st Cir. 2002).

Before I can review the merits of either decision, however, I must determine whether the court may exercise jurisdiction over this matter at all.  Though not raised by either party, "jurisdiction can never be assumed but must be premised on some affirmative source."  Doughty v. Underwriters at Lloyd's, London (In re Wallis), 6 F.3d 856, 860 (1st Cir. 1993).

Under 28 U.S.C. § 158(a), a district court has jurisdiction to hear appeals from "final judgments, orders and decrees" of bankruptcy judges.  A decision is considered final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."  Catlin v. United States, 324 U.S. 229, 233 (1945).  Ordinarily, orders granting a motion for partial summary judgment and denying a motion for reconsideration of that decision[2] are not considered "final" for the purposes of appeal.

---

[2] While the Gunnings characterize Balser's Motion to Vacate and/or Reconsider as a motion under Fed. R. Civ. P. 60(b) (made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 9024), Balser correctly notes that Rule 60 applies only to final judgments, Farr Man & Co. V. M/V Rozita, 903 F.2d 871, 873 (1st Cir. 1990), and her motion was made pursuant to the bankruptcy court's "inherent power to reconsider its interlocutory orders," Fernandez-Vargas v. Pfizer, 522 F.3d 55, 61 n.2 (1st Cir. 2008), before any entry of judgment .

An order denying reconsideration of a final judgment under Rule 60(b) is itself a final, appealable order.  See In re Reynolds, 455 B.R. 312, 318 (D. Mass. 2011).  But a court's denial of a motion to reconsider an interlocutory, nonappealable order is, by logical extension, also interlocutory and nonappeable.  See Bridges v. Department of Maryland State Police, 441 F.3d 197, 207 (4th Cir. 2006) ("The denial of reconsideration of a nonappealable order is not a final order."); Blanco v. U.S., 775 F.2d 53, 56 (2d Cir. 1985) ("If the 1979 order was not final and appealable, orders refusing to reconsider it likewise could not have been.").  The appealablity of the bankruptcy court's denial of Balser's

See Domegan v. Fair, 859 F.2d 1059, 1061-62 (1st Cir. 1988).  The bankruptcy court's

orders here did not terminate the adversary proceeding or resolve all of the claims,

rights, and liabilities of the parties.  Cf. Fed. R. Civ. P. 54(b) (regarding finality of

judgments, "any order or decision, however designated, that adjudicates fewer than all

the claims or the rights and liabilities of fewer than all the parties does not end the

action...").  Count II of the Gunnings' complaint, under 11 U.S.C. § 727(a)(4)(A),

remains pending in the bankruptcy court.

       But "finality" in the context of bankruptcy is viewed more flexibly than in other

civil litigation contexts.  In re American Colonial Broadcasting Corp., 758 F.2d 794, 801

(1st

Cir. 1985).  "A bankruptcy order need not dispose of all aspects of a case in order to be

final; an order which disposes of a 'discrete dispute within the larger case' will be

considered final and appealable."  Id. (quoting In re Saco Local Development Corp.,

711 F.2d 441, 444 (1st Cir. 1983)).  Although an "adversary proceeding is perhaps the

clearest example of a 'discrete dispute' or 'judicial unit' within the bankruptcy case," In

re Bank of New Eng. Corp., 218 B.R. 643, 648 (1st Cir. B.A.P. 1998), a ruling that does

not resolve the entire adversary proceeding but only an "identifiable part of the

proceeding" may nonetheless qualify as "final" for appeal.  Brae Asset Fund, L.P. v.

Kelly, 223 B.R. 50, 55 (D. Mass. 1998); Sheehan v. Richardson, 315 B.R. 226, 233-34

(D.R.I. 2004) aff'd, 185 F. App'x 11 (1st Cir. 2006) (bankruptcy court's order granting

---

reconsideration motion, then, hinges on the appealability of the underlying partial summary judgment
order.

partial summary judgment was "final" for the purposes of appeal despite "two as yet unresolved issues" that remained outstanding in the adversary proceeding); <u>Matter of Morse Elec. Co., Inc.</u>, 805 F.2d 262 (7th Cir. 1986) (disposition of a creditor's claim was "final," and "the remaining goings-on in the adversary proceeding do not prevent appeal"). <u>But see</u> <u>Matter of Wood and Locker, Inc.</u>, 868 F.2d 139. 143-46 (5th Cir. 1989) (order granting summary judgment on some claims in adversary proceeding, but leaving other claims still to be decided, cannot be final and may not be appealed absent Rule 54(b) certification; <u>In re Chateaugay Corp.</u>, 922 F.2d 86, 90-91 (2d Cir. 1990) (same).

Here, the bankruptcy court's order granting the Gunnings' motion for partial summary judgment on Count I was sufficiently "final" for the purpose of this appeal. The order constituted a final disposition on the "discrete issue" of whether Balser's debt to the Gunnings is nondischargeable under 11 U.S.C. § 523(a)(2)(A).  The bankruptcy court fully adjudicated the merits of the claim, found that the Gunnings had demonstrated every element for exception to discharge, and ordered a judgment to be served on Balser.  Later pending proceedings on Count II would have no effect on the order appealed; regardless of whether Balser is ultimately denied a discharge under 11 U.S.C. § 727(a)(4)(A),[3] the Gunnings have already been awarded the full relief contemplated, i.e., their specific debt has been declared nondischargeable. There is

<hr>

[3] There is serious doubt regarding the viability of Count II in the adversary proceeding.  Pursuant to 11 U.S.C. § 103(b), the provisions against discharge in § 727(a) only apply to Chapter 7 bankruptcies. This case was filed under Chapter 11, and the record does not indicate that it was ever converted to a Chapter 7 case.

nothing more to be litigated or decided on that issue.

Even if the bankruptcy court's orders are not final, the district court, in its discretion, may hear appeals from "other interlocutory orders and decrees" of a bankruptcy court under 28 U.S.C. § 158 (a)(3).[4]  Neither the statutes nor rules explicitly set out standards for a district court to use in exercising its discretionary power to grant leave to appeal an interlocutory order of the bankruptcy court.  See In re Salem Suede, Inc., 221 B.R. 586, 596 (D. Mass. 1998).  But see, In re Bank of New England Corp., 218 B.R. 643, 652 (1st Cir. BAP 1998) (suggesting that district courts considering § 158(a)(3) appeals should apply the standard governing district court certification of interlocutory appeals to the circuit courts under 28 U.S.C. § 1291(b)).  Because the bankruptcy court's orders "conclusively determined" the Gunnings' claim under 11 U.S.C. § 523(a)(2)(A), I find that those determinations "have a ring of 'finality' or an effect very close to finality, that warrants this court's exercise of its discretionary appellate jurisdiction."  In re Salem Suede, 221 B.R. at 599.

Having established jurisdiction over this appeal, I move to the merits.

## III.  Legal Standard

On appeal, a district court is bound by the bankruptcy court's findings of fact unless "clearly erroneous," but reviews conclusions of law de novo.  LaRoche v. Amoskeag Bank, 969 F.2d 1299, 1301 (1st Cir. 1992) (citations omitted).  A bankruptcy

---

[4] Bankruptcy Rule 8001(b) requires an appellant to file a motion for leave to file an interlocutory appeal.  However, where no such motion is filed, Bankruptcy Rule 8003(c) allows a court to treat a timely notice of appeal as a motion for leave to appeal.  Monahan v. Massachusetts Dept. of Revenue, 215 B.R. 287, 288 (D. Mass. 1997).  Since Balser did not file a motion for leave in this case, I will treat her notice of appeal as a motion for leave to file an interlocutory appeal.

court's ruling on a motion for reconsideration is reviewed for abuse of discretion.  In re Augustin, 383 B.R. 359, 361 (D. Mass. 2008).

### A. The Bankruptcy Court's October 24, 2011, Order Granting the Gunnings' Motion for Reconsideration and Motion for Partial Summary Judgment

Balser raises two main objections to the bankruptcy court's October 24, 2011, order granting the Gunnings' motion to reconsider its prior summary judgment ruling and, upon reconsideration, granting partial summary judgment on the nondischargeability of Balser's superior court judgment debt.

First, Balser alleges the bankruptcy court erred in granting the Gunnings' motion to reconsider because its decision was based solely upon her failure to file opposition papers.  In its ruling, the bankruptcy court did note the absence of any response or objection by Balser, but the record does not demonstrate that Balser's silence was the court's *reason* for granting reconsideration.  To the contrary, given the prior proceedings, the bankruptcy court was well aware of all the material factors governing the Gunnings' motion for reconsideration (which it later described as "well-founded"), and Balser does not allege that the bankruptcy court seriously erred in weighing those factors or relied upon improper factors in reaching its decision.  See Salem Five Cents Savings Bank v. Tardugno (In re Tardugno), 241 B.R. 777, 779 (1st Cir. BAP 1999). Accordingly, the bankruptcy court did not abuse its discretion in granting the Gunnings' motion for reconsideration.

Second, Balser challenges the bankruptcy court's decision, upon reconsideration, to grant summary judgment in favor of the Gunnings on the issue of

justifiable reliance, and as a result, on the nondischargeability of her judgment debt to

them under 11 U.S.C. § 523(a)(2)(A).  The bankruptcy court based its ruling on the

collateral estoppel effect of the superior court judgment, which found that the Gunnings

had "reasonably relied" upon Balser's misrepresentations in purchasing their

condominium.  Balser now argues that those findings were "out of context fragmentary

ruling[s]" which had not been "essential to the judgment" of the superior court and thus

could not have preclusive effect.

    These contentions, however, are nowhere to be found in the record.  As the

Gunnings correctly point out, Balser never raised this argument against collateral

estoppel in the bankruptcy court despite multiple opportunities to do so.  Balser did not

dispute the application of collateral estoppel in her written objection to the Gunnings'

initial motion for partial summary judgment or at the bankruptcy court's hearing on that

motion.  When the Gunnings' filed their motion for reconsideration on the issue of

justifiable reliance, Balser did not respond; her own motion for reconsideration made no

mention of collateral estoppel or its application to the case.

    It is well-settled in this circuit that "absent the most extraordinary circumstances,

legal theories not raised squarely in the lower court cannot be broached for the first

time on appeal."  Teamsters Local No. 59 v. Superline Transp. Co., 953 F.2d 17, 21

(1st Cir. 1992); Grenier v. Cyanamid Plastics, Inc., 70 F.3d 667, 668 (1st Cir. 1995) ("If

a party fails to assert a legal reason why summary judgment should not be granted, that

ground is waived and cannot be considered or raised on appeal.").  Balser suggests

that because the Gunnings "clearly raised the issue" of collateral estoppel below, her

own arguments pertaining to that subject are now properly before this court.  But this backdoor approach will not suffice -- "a party is not at liberty to articulate arguments for the first time on appeal simply because the general issue was before the [trial] court." United States v. Slade, 980 F.2d 27, 31 (1st Cir. 1992); see also, B & T Masonry Const. Co., Inc. v. Pub. Serv. Mut. Ins. Co., 382 F.3d 36, 40-41 (1st Cir. 2004).

An appellate court, in its discretion, does have the authority to examine arguments raised for the first time on appeal.  United States v. Krynicki, 689 F.2d 289, 291 (1st Cir. 1982).  But "this power is to be used sparingly" and exceptions to the "raise-or-waive rule" should be "few and far between," B & T Masonry Const. Co., Inc., 382 F.3d at 41, "reserved for exceptional cases in which the previously omitted ground is so compelling as to virtually insure appellant's success," Slade, 980 F.2d at 31 (citations omitted).  Cf. Whyte v. Connecticut Mutual Life Ins. Co., 818 F.2d 1005, 1009 (1st Cir. 1987) (the rule "is relaxed only in horrendous cases when a gross miscarriage of justice would occur).  Based on my review of the record and briefs, I find that no such departure is warranted here.  Because Balser failed to make her claim in the first instance to the bankruptcy court, it was not preserved for review and is deemed waived.  In re Reynolds, 455 B.R. 312, 320 (D. Mass 2011).

### B. The Bankruptcy Court's November 22, 2011, Order Denying Balser's Motion to Vacate and/or Reconsider

Balser's notice of appeal specifically indicates that she seeks review of the bankruptcy court's decision to deny her Motion to Vacate and/or Reconsider its order on the Gunnings' reconsideration motion.  However, Balser does not address that

ruling in her brief and offers no arguments for why the denial constituted an abuse of discretion.  The "failure to brief an argument will result in waiver for purposes of appeal."  Ortiz v. Gaston County Dyeing Machine Co., 277 F.3d 594, 598 (1st Cir. 2002).

Even were the issue not waived, I would hold that the bankruptcy court did not abuse its discretion in denying Balser's reconsideration motion.  In its memorandum denying relief, the bankruptcy court addressed the specific claims in Balser's motion and found them to be without merit.  The bankruptcy court correctly concluded that Balser "failed to support her Motion by any persuasive or sound legal argument," and it properly denied the motion.

**IV. Conclusion**

The orders of the bankruptcy court entering partial summary judgment (dated October 24, 2011) and denying Balser's Motion to Vacate and/or Reconsider (dated November 22, 2011) are AFFIRMED.


      October 15, 2012                              /s/Rya W. Zobel
            DATE                                RYA W. ZOBEL
                                      UNITED STATES DISTRICT JUDGE